# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JAAMIN GROUP, LLC,**

      **Plaintiff,**

**v.**                            **Case No.  8:04-cv-2220-T-30TGW**

**LIMAGE HOLDING (USA), INC.,**
**LIMAGE HOLDING and**
**GEORGE MATRAI,**

      **Defendants.**
_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendants' Motion to Compel Arbitration with Incorporated Memorandum of Law (Dkt. # 32), Plaintiff's Objection to Defendants' Motion to Compel Arbitration (Dkt. # 33), and Defendants' Reply to Plaintiff's Objection to Defendants' Motion to Compel Arbitration (Dkt. # 37).

Defendants have moved the Court to stay this matter and to enforce the arbitration provision contained in paragraph 19 of the Service Agreement between the parties.  Plaintiff objects to the Defendants' motion to compel arbitration on the grounds that the arbitration clause was fraudulently induced, is unconscionable, and is ambiguous.  Plaintiff's central argument is that it is not knowledgeable about arbitration, that it misunderstood the language contained in the arbitration agreement and that it was unaware that it was giving up its right to trial by jury.

The Court, having considered the motion and memoranda, and being otherwise fully advised, finds that the motion should be granted and this matter referred to arbitration. Plaintiff's assertion that it was fraudulently induced into entering into the service agreement is without merit.  Plaintiff has failed to identify any false statements that induced it into entering the agreement.  Plaintiffs complaints that it misunderstood the arbitration agreement and that the terms of the agreement were non-negotiable do not create fraudulent behavior on the part of the Defendants.

Moreover, the Court finds that the arbitration clause is not ambiguous. The clause clearly stated that "[a]ny dispute arising out of, or in connection with, this Agreement, including any question regarding its existence, validity or termination, shall be referred to, and finally resolved by arbitration in the United States of America . . ."  This language is unambiguous and clearly provided Plaintiff with notice that any dispute involving the agreement between the parties was to be resolved through arbitration.

Finally, Plaintiff's allegations that the agreement is unconscionable because it had no ability to alter the terms of the agreement are for the arbitrator to resolve. See Jenkins v. First American Cash Advance of Georgia, LLC, 400 F.3d 868, 876-77 (11th Cir. 2005)(allegations that consumers were unable to negotiate the terms and conditions of the agreement pertain to the agreement as a whole and were for an arbitrator to decide).

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants' Motion to Compel Arbitration with Incorporated Memorandum of Law (Dkt. # 32) is GRANTED.  The parties are directed to arbitrate this action and to notify the Court when arbitration is completed.

2.      This cause is STAYED pending arbitration.  The Court will retain jurisdiction to enforce the arbitration award.

3.      The clerk is directed to administratively close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2004\04-cv-2220.mot compel arbitration.wpd